VOA Autumnwood Care Center v. Shiff.

(No. 88 CVI 126 — Decided July 29, 1988.)

Tiffin Municipal Court, Small Claims Division.

*Joan Shiff, pro se.*

DANIEL, J. This matter came on for trial on July 25, 1988, upon the plaintiff's small claims complaint for unpaid nursing home services. The court finds from the evidence that the defendant guaranteed the account of her mother as a patient in the plaintiff's long-term care facility ("LTCF") during 1985 and 1986. The patient's resources became exhausted, and the parties agreed that future services were to be paid from the patient's Social Security and other benefits, and that the balance of the cost of a semi-private room would be paid by Medicaid. The defendant orally agreed to pay a supplemental amount so that the patient could remain in a private room, and did pay at the rate of $14 per day, believing that this amount was all she owed. The patient was hospitalized for some time, and the plaintiff held her bed available for her. For four of those bedhold days, Medicaid paid nothing to the plaintiff. After the patient's death, the plaintiff audited the account and determined that the defendant owed $549.50, by subtracting the amount actually received from the amount a person with full private resources would have been charged. The plaintiff's customary charge to non-Medicaid patients, both for semi-private rooms and for private rooms, had increased during the time the patient was covered by Medicaid.

Plaintiff makes two claims, one against the defendant as guarantor for the use of an optional private room by the patient and the other against the defendant as guarantor for the time which the plaintiff held the bed open during periods of the patient's hospitalization without Medicaid reimbursement.

The first claim is controlled by Ohio Adm. Code 5101:3-3-52(C), which became effective on September 2, 1982. Under that regulation the facility may seek supplemental payment for an optional private room if the following procedure is followed:

(1) A third-party patient advocate advises the patient and the patient's family of the Medicaid payment policies, and outlines the alternatives.

(2) The patient specifically, and in writing, requests a private room.

(3) The supplement does not exceed the difference between the usual and customary charge to non-Medicaid residents for a semi-private room and the usual and customary charge to non-Medicaid residents for a private room, unless the excess can be proven not to be a charge for services covered by the Medicaid program.

(4) Both monthly and annual supplemental charges are computed so that the true cost is evident to the patient and the patient's family.

Ordinarily, the acceptance by the facility of Medicaid payments creates an irrebuttable presumption of payment in full. In order to create a valid claim for supplemental payments for an optional private room, the above procedure must be strictly complied with. In this case there was no specific written request for a private room and the supplemental charges were not computed so that the true cost was evident to the patient or to the guarantor. Therefore, the plaintiff does not have a valid claim against the patient for supplemental payments for the optional private room.

The second claim is controlled by several sections of the Ohio Administrative Code, beginning with Ohio Adm. Code 5101:3-3-03 in the form which was effective on November 10, 1983. This regulation, which has since been amended effective April 1, 1987, required an LTCF to hold a bed for a hospitalized Medicaid patient, and allowed the LTCF to seek reimbursement for one hundred percent of its per diem charge for up to thirty days of approved hospital leave in any twelve-month period. The thirty-day limit was not exceeded in this case and the plaintiff failed to prove an attempt to seek reimbursement from Medicaid for the four days in question.

Further, a Medicaid provider may not bill a patient in lieu of the Department of Public Welfare unless the patient is notified in writing prior to the service being rendered that the provider will not bill the department for the covered service, and the patient agrees in a signed writing to be liable. Ohio Adm. Code 5101:3-1-07(A)(3). In addition, each Medicaid patient in a LTCF must be fully informed in writing of the charges for services not paid for by Medicaid at or before the time of admission and as changes occur. Ohio Adm. Code 5101:3-3-08 (A)(3). It is clear from the evidence that neither the defendant nor the patient was informed in writing at any time of any potential personal liability in excess of the $14 per diem supplementary payment for the optional private room. The court, therefore, concludes that the plaintiff has no valid claim against the patient for the unreimbursed bedhold days.

Since the plaintiff had no valid claim against the patient, the defendant has no liability as guarantor of the patient's account. Judgment is rendered in favor of the defendant. The court costs shall be paid by the plaintiff.

*Judgment for defendant.*